**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 23-4437**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHAIKIM REYNOLDS,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Elizabeth W. Hanes, District Judge.  (4:22-cr-00039-EWH-DEM-1)

―――――――――

Submitted:  July 29, 2024                    Decided:  November 5, 2024

―――――――――

Before RUSHING, HEYTENS, and BENJAMIN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:** Sicilia C. Englert, LAW OFFICE OF SICILIA C. ENGLERT, LLC, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Julie D. Podlesni, Assistant United States Attorney, D. Mack Coleman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Chaikim Reynolds of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951(a); and brandishing a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii). The district court sentenced Reynolds to 156 months' imprisonment followed by five years of supervised release. On appeal, Reynolds argues that the district court erred in denying his motion for a new trial and in applying an enhancement under the Sentencing Guidelines for causing permanent injury in the course of attempting to avoid responsibility for the robbery. Finding no error, we affirm.

First, Reynolds asserts that the trial court erred in denying his motion for a new trial. He contends the jury was confused about what evidence it could consider for his duress defense, and challenges the district court's failure to give a supplemental clarifying instruction after the jury asked a question about the evidence it could consider. With respect to Reynolds' claim that the district court erred in denying his motion for a new trial under Federal Rule of Criminal Procedure 33, we review that claim for abuse of discretion. *United States v. Ali*, 991 F.3d 561, 570 (4th Cir. 2021). "A court should exercise its discretion to grant a new trial sparingly, and it should do so only when the evidence weighs heavily against the verdict." *United States v. Chong Lam*, 677 F.3d 190, 203 (4th Cir. 2012) (cleaned up). However, to the extent that Reynolds asserts that the district court erred in responding to the jury's question, as Reynolds failed to object to the court's response, we review this claim only for plain error. *United States v. Gillespie*, 27 F.4th 934, 940 (4th Cir. 2022); *see also United States v. Perry*, 335 F.3d 316, 322 & n.10 (4th

2

Cir. 2003) (reviewing defendant's challenge to denial of motion for new trial for abuse of discretion, but noting that any claim that the jury instructions or verdict sheet was erroneous would be reviewed for plain error because defendant did not challenge them below). Under the plain error standard, a defendant must demonstrate (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Gillespie*, 27 F.4th at 940 (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion by denying Reynolds' motion for a new trial and did not plainly err in responding to the jury's question. The record does not suggest that the jury rendered a verdict inconsistent with the evidence presented at trial. Furthermore, the district court responded appropriately to the jury question during deliberation, and the brevity of the deliberation following that response does not refute the presumption that the jury followed the judge's instructions. *See United States v. Burfoot*, 899 F.3d 326, 342 (4th Cir. 2018).

Second, Reynolds contends that the district court erroneously applied a six-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(3)(2) (2023), by considering his flight from law enforcement six days after the robbery as relevant conduct. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to

3

argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id*. at 49-51. "A sentence based on an improperly calculated Guidelines range is procedurally unreasonable." *United States v. Shephard*, 892 F.3d 666,670 (4th Cir. 2018). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted). "The government bears the burden of establishing the applicability of a sentencing enhancement by the preponderance of the evidence." *United States v. Henderson*, 88 F.4th 534, 536 (4th Cir. 2023).

Section § 2B3.1(b)(3)(C) provides for a six-level enhancement when a robbery victim sustained permanent or life-threatening bodily injury. Conduct that may be considered in applying this enhancement includes all acts and omissions by the defendant "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." USSG § 1B1.3(a)(1)(B). Application of the relevant conduct standard "involves consideration of factual circumstances, such as whether acts or omissions are sufficiently similar; whether they are sufficiently regular; whether they are sufficiently close in time; and whether, when one factor is particularly weak or even lacking, another factor

4

compensates to satisfy the factual requirements of relevant conduct." *United States v. McVey*, 752 F.3d 606, 610 (4th Cir. 2014).

The district court did not clearly err in considering Reynolds' flight from law enforcement six days after the armed robbery as relevant conduct. The evidence presented at trial and sentencing demonstrated that Reynolds was aware that authorities were looking for him after the robbery, and Reynolds was actively attempting to avoid responsibility for the robbery at the time of the car crash that resulted in the death of an individual. As such, the flight was properly considered relevant conduct for application of the six-level enhancement pursuant to USSG § 2B3.1(b)(3)(C).

Accordingly, we affirm Reynolds' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*